## RUSSELL v. MILLER.

### In re MILLER.

(Circuit Court of Appeals, Sixth Circuit. July 10, 1926.)

#### No. 4537.

Bankruptcy ⟨key⟩184(3).

Under Ohio law, mortgagee in possession of mortgaged property at time bankruptcy proceeding was commenced is entitled to property as against claim of trustee, although mortgage was not refiled at end of three years, as required by Gen. Code Ohio, § 8565.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

In the matter of the bankruptcy of Guy B. Miller. From an order awarding a reclamation to I. N. Miller, mortgagee, Alva J. Russell, trustee, appeals. Affirmed.

Lee J. Myers, of Akron, Ohio, for appellant.

Oliver G. Bailey, of Cincinnati, Ohio (Herberich, Burroughs & Bailey, of Akron, Ohio, on the brief), for appellee.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

PER CURIAM. This is an appeal by the trustee from an order awarding reclamation to a mortgagee. By virtue of the bankruptcy, the claim of the trustee to the property in suit must be given the effect of a claim of a creditor holding at the date of the petition an execution or attachment lien. I. N. Miller claims the property under a mortgage which had not been refiled at the end of three years, as required by the Ohio statute (General Code, § 8565). Under the law of that state, the claim of the chattel mortgagee in possession, though the mortgage has not been thus refiled, is superior to the claims of creditors with execution or attachment liens levied after the mortgagee took possession. Boyer et al. v. Knowlton Co. et al., 85 Ohio St. 104, 97 N. E. 137, 38 L. R. A. (N. S.) 224.

If, therefore, this mortgagee was in possession of the property at the time the bankruptcy proceeding was commenced and the trustee's claim thereunder arose, all of the other questions cease to be important. This is a question of fact; on conflicting evidence and inferences to be drawn therefrom, the District Court found that such prior posses-

sion did exist. The record does not justify us in overruling this finding.

The judgment below is affirmed, with costs.